OPINION
{¶ 1} Defendant-appellant Michael Parsons appeals from the denial by the New Philadelphia Municipal Court of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On October 2, 2000, appellant was stopped by an Ohio State Highway Patrol Trooper and charged with driving under the influence of alcohol/drug in violation of R.C. 4511.19(A)(3), driving under suspension in violation of R.C. 4507.02(A)(1), 4507.02(B)(1) and 4507.02(C), failure to wear a seat belt in violation of R.C. 4513.263 and failure to drive within the marked lanes in violation of R.C. 4511.33. Appellant also was charged with possession of drug paraphernalia (a marijuana pipe) in violation of R.C. 2925.14, possession of marijuana in violation of R.C.2925.11 and possession of an open container of alcohol in a motor vehicle in violation of R.C. 4301.62. At his arraignment on October 5, 2000, appellant entered a plea of not guilty to all of the charges.
{¶ 3} Subsequently, on December 22, 2000, appellant filed a Motion to Suppress, arguing that the Ohio State Highway Patrol Trooper who stopped him "lacked reasonable suspicion for stopping defendant's vehicle." A hearing on appellant's Motion to Suppress was held on January 22, 2001. Thereafter, the Magistrate, in a Decision filed on March 28, 2001, recommended that appellant's Motion to Suppress be denied since "the evidence is clear that the officer observed the defendant cross the fog line on two occasions. It would appear in the Fourth District Court of Appeals that this alone would not provide justification to initiate a traffic stop. See State v. Brite, 120 Ohio App.3d 517
(1997). However, this Court is bound by the doctrine of Stare Decisis to follow the decisions of the Fifth District Court of Appeals and the Stateof Ohio v. Weimaster, 99 CA 36 (1999) makes clear that `merely one traffic violation is sufficient.'"
{¶ 4} On April 6, 2001, appellant filed an objection to the Magistrate's Decision pursuant to Crim.R. 19(E)(2), arguing that the same was against the manifest weight of the evidence presented at the Suppression Hearing and contrary to law. The trial court, as memoralized in a Judgment Entry filed on April 25, 2001, remanded the case back to the Magistrate for further proceedings since both of the above decisions cited in the Magistrate's March 28, 2001, Decision were persuasive and since a transcript had not been presented to the trial court.
{¶ 5} The Magistrate, in a Decision filed on May 2, 2001, again recommended that Motion to Suppress be denied. The Magistrate, in his Decision, specifically stated in relevant part as follows:
 {¶ 6} This matter becomes before the Magistrate on remand from the Judge.
 {¶ 7} The Magistrate finds the defendant crossed the fog line on two occasions.
 {¶ 8} The Magistrate [sic] that crossing the fog line on two occasions constitutes a traffic violation and is reasonable cause for the State to stop the defendant. . .
{¶ 9} After neither party filed objections to the Magistrate's May 2, 2001, Decision, the trial court, as memoralized in a June 19, 2001, Judgment Entry, approved and adopted such decision as the decision of the court. Thereafter, on August 2, 2001, appellant entered a plea of no contest/guilty to violations of R.C. 4511.19(A)(3), 4507.02(A)(1), 4511.33, and 2925.14. The remaining charges were dismissed upon motion of the State. Pursuant to a Judgment Entry filed on August 9, 2000, appellant was then sentenced on the above charges.
{¶ 10} It is from the trial court's August 9, 2001, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 11} I. "THE TRIAL COURT ERRED IN UPHOLDING THE MAGISTRATE'S DECISION TO DENY THE DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE INVESTIGATING OFFICER HAD ARTICULABLE AND REASONABLE SUSPICION THE DEFENDANT WAS OPERATING HIS VEHICLE IN VIOLATION OF THE LAW."
 I
{¶ 12} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress. Appellant specifically contends that the Ohio State Highway Patrol Trooper who stopped appellant lacked articulable and reasonable suspicion that appellant was operating his vehicle in violation of the law.
{¶ 13} As is stated above, after the trial court remanded the matter back to the Magistrate, the Magistrate, as memoralized in a Decision filed on May 2, 2001, recommended that appellant's Motion to Suppress be denied since "crossing the fog line on two occasions constitutes a traffic violation and is reasonable cause for the State to stop the defendant." Neither appellant nor appellee filed any objection to the Magistrate's May 2, 2001, Decision. Thereafter, as memoralized in a Judgment Entry filed on June 19, 2001, the trial court, after noting that no objections had been filed to the Magistrate's Decision, approved and adopted the Magistrate's Decision in full, finding that there were no errors of law or defects on the face of said decision.
{¶ 14} Crim.R. 19(E) states, in relevant part, as follows:
{¶ 15} (2) Objections.
 {¶ 16} (a) Time for filing. Within fourteen days after the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections no later than seven days after the first objections are filed.
 {¶ 17} (b) Form of objections. Objections shall be specific and state with particularity the grounds for the objections. A party shall not assign as error on appeal the court's adoption of the decision of the magistrate unless the party has timely objected to the magistrate's decision. (Emphasis added).
{¶ 18} Since appellant in the case sub judice failed to file objections to the Magistrate's May 2, 2001, Decision recommending that appellant's Motion to Suppress be denied, appellant cannot now assign as error the trial court's adoption of the same. See State v. Scott
(2001), 146 Ohio App.3d 233, 2001-Ohio-1431, 765 N.E.2d 930.
{¶ 19} Appellant's sole assignment of error is, therefore, overruled.
{¶ 20} Accordingly, the judgment of the New Philadelphia Municipal Court is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
{¶ 21} For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court is affirmed. Costs to appellant.